UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-41144 |
| Chee K. Yung and | ) | |
| Jody A. Boucher Yung, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | **Date: December 11, 2014** |
| | ) | **Time: 9:30 a.m.** |

**FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP,
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FEBRUARY 1, 2014 THROUGH OCTOBER 29, 2014**

Fox, Swibel, Levin & Carroll, LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee for the bankruptcy estate (the "Estate") of Chee K. Yung and Jody A. Boucher Yung (the "Debtors"), files this application ("Application") for payment of an administrative claim in the amount of $8,919.70, consisting $8,655.00 in fees and $264.70 in expenses, for the period of February 1, 2014 through October 29, 2014. In support of this Application, FSLC states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On October 21, 2013 (the "Petition Date"), the Debtors filed a voluntary chapter 7 petition under the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

4. Subsequent to the Petition Date, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid to act as Trustee in this case.

5. On March 18, 2014, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel Retroactive to February 1, 2014. [Dkt. 25]

## REQUESTED RELIEF

6. FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from February 1, 2014 through October 29, 2014. (the "Application Period").

7. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

8. Attached as Exhibit B to this Application are the detailed billing records of FSLC, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

9. Attached as Exhibit C to this Application are the detailed billing records of FSLC, describing the actual, necessary expenses incurred on behalf of the Trustee during the Application Period.

## PROFESSIONAL SERVICES RENDERED

10. During the Application Period, FSLC has performed the following services on behalf of the Trustee:

   A. Monitor the docket and new pleadings in the above-captioned bankruptcy for the Trustee;

   B. Prepare, file, and present the Trustee's Application to Employ FSLC as General Bankruptcy Counsel Retroactive to February 1, 2014 [Dkt. 20];

   C. Assisted in the negotiation and closing of real estate sale; and

   D. Prepare, file, and present the Trustee's Motion to Sell Property and Clear of Liens 363(f). [Dkt. 22]

## APPROPRIATENESS OF FEES

11. The total amount of fees sought by FSLC for professional services in this Application is $8,655.00. Pursuant to Local Rule 5082(1)(B)(1)(c), FSLC notes that it charged the Estate $148.00 [.80 Hours] to prepare this Application

12. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtors' case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

13. FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

14. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

15. FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

### FSLC EXPENSE POLICIES

16. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

17. The expenses sought by FSLC in this Application relate to Postage for mass mailing for service of the Trustee's Motion to Approve Sale ($26.22); Chase Card Services – filing fee for Trustee's Motion to Approve Sale ($176.00); Federal Express, Overnight Mail ($17.48) and Legal Runners, Inc. ($45.00). These expenses were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $264.70.

18. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

### ADDITIONAL FEES

19. FSLC has undertaken all reasonable efforts to ensure that all attorneys' fees and expenses for the period from February 1, 2014 through OCTOBER 29, 2014 are included in this Application. However, it is possible that some fees and expenses may not be included in this Application.

4

## SUMMARY OF FEES

20.  FSLC applies for an administrative claim in the amount of $8,919.70, consisting of $8,655.00 in fees and $264.70 in expenses.

## NOTICE

21.  Pursuant to Bankruptcy Rule 2002(a), notice of this Application has been given to: (a) the Debtors; (b) the Debtors' counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $8,919.70 and allowing the Trustee to pay the same.

Dated: November 19, 2014                          Respectfully submitted,

*Fox, Swibel, Levin & Carroll, LLP*

By:     /s/ N. Neville Reid
          Fox, Swibel, Levin & Carroll, LLP,
          General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201